UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  BRYAN P. HAMPSHIRE        :   Chapter 7
        MARY D. HAMPSHIRE,        :
                                  :
                  Debtors.        :   Bky. No. 13-17965 ELF
                                  :

# M E M O R A N D U M

## I.

Presently before the court is the chapter 7 trustee's objection to the debtors' claim of exemptions. The issue presented is whether the husband-debtor has a present property interest, and may claim an exemption pursuant to 11 U.S.C. §522(b), in the separately owned property of the wife-debtor. The debtors contend that the husband-debtor has such an exemptible property interest by virtue of §2105 of the Pennsylvania Probate, Estates and Fiduciaries Code ("the PBEFC"), 20 Pa.C.S. §2105. As explained below, I conclude that no such exemptible property interest exists and that the trustee's objection to the husband-debtor's claim of exemption in his wife's separate property should be sustained.

## II.

Debtors Bryan P. Hampshire and Mary D. Hampshire (collectively, "the Debtors," individually "Mr. Hampshire" and "Mrs. Hampshire") filed a voluntary petition under chapter 7 of the Bankruptcy Code on September 11, 2013. The Debtors filed their bankruptcy schedules on September 26, 2013. (Doc. #15).

On October 11, 2013, the §341 meeting of creditors was held, but not concluded, with the docket stating: "Debtors to amend Schedules B, C, I, J, SOFA#1 & 22A, and produce tax return, values & payoffs for cars. Information Due on: 10/21/2013." On October 31, 2013, the Debtors

-1-

filed, <u>inter alia</u>, Amended Schedules B and C. (Doc. # 20). In their Amended Schedule B, the Debtors disclosed an interest in "bequest from aunt's estate" with a value of $35,000.00 ("the Inheritance"). In Amended Schedule C, both Debtors claimed an exemption in pursuant to 11 U.S.C. §522(d)(5) for a total exemption claim of $24,450.00.[1]

On December 11, 2013, the Trustee filed an Objection to the Debtor's Exemptions ("the Objection"). (Doc. #23). In the Objection, the Trustee agreed that Mrs. Hampshire is entitled to exempt $12,725.00 of the value of the Inheritance, but disputed that Mr. Hampshire is entitled to claim any exemption in the Inheritance.

A hearing on the Objections was held and concluded on February 12, 2014.

At the hearing it was undisputed that:

    (1)    the interest in the Inheritance accrued prepetition;

    (2)    the Inheritance is property of the bankruptcy estate;

    (3)    the Inheritance is derived entirely from Mrs. Hampshire's rights as an heir under the will of her aunt; and

    (4)    the value of the Inheritance is $35,000.00.

---

[1] 11 U.S.C. §522(d)(5) permits each debtor to exempt his or her "aggregate interest in any property, not to exceed in value $1,225 plus up to $11,500 of any unused amount of the exemption provided under [§522(d)(1)]." This provides a potential exemption $12,725.00 for each Debtor.

Here, the Debtors used only $2,000.00 of the $22,975.00 §522(d)(1) exemption available to each of them, leaving each Debtor with the maximum $11,500.00 unused §522(d)(1) exemption available under §522(d)(5). In the aggregate, both Debtors' maximum §522(d)(5) exemption totals $25,450.00. Because the Debtors used $1,000.00 of the §522(d)(5) exemption to exempt their interest in a bank account, they were left with an available exemption of $24,450.00, which they seek to apply to the Inheritance.

## III.

### A.

The Debtors concede that Mr. Hampshire is not an heir under the will of Mrs. Hampshire's deceased aunt, and they do not suggest that by bequeathing property to Mrs. Hampshire, the decedent also somehow conveyed a property interest in the Inheritance to Mr. Hampshire. However, they argue that he nonetheless has an exemptible property interest in the Inheritance based on 20 Pa.C.S. §2105.

20 Pa.C.S. §2105, along with 20 Pa.C.S. §2203, abolished the common law rights of dower and curtesy in Pennsylvania. See Bialczak v. Moniak, 540 A.2d 962 (Pa. Super. Ct. 1988). Section 2105 provides: "The share of the estate to which a surviving husband is entitled under this title shall be in lieu and full satisfaction of his curtesy at common law." Section 2103 gives a surviving spouse the right to an elective share of one-third of certain designated property of the deceased spouse. The Debtors contend that these provisions give Mr. Hampshire a contingent property interest in the Inheritance.

In support of their position, the Debtors cite In re Elswick, 2012 WL 2122170 (E.D. Ky. June 12, 2012). In Elswick, the district court held that a Kentucky statute, which similarly provided that a surviving spouse is entitled to a share of the deceased spouse's property, was a contingent interest in that property prior to the death of the spouse, making it property of the bankruptcy estate and subject to the debtor's exemption rights. Id. at *4. The result in Elswick is grounded in the principle that the concept of property of the bankruptcy estate is extremely broad and that "[a]n interest is not outside the reach of [11 U.S.C. §541] because it is novel or contingent or enjoyment must be postponed." Counties Contracting and Const. Co., v. Constitution Life Ins. Co., 855 F.2d 1054, 1057 n.3 (3d Cir. 1988) (quoting Segal v. Rochelle,

382 U.S. 375, 379 (1966)) (internal quotations omitted); see also In re Downey Financial Corp., 499 B.R. 439, 453 (Bankr. D. Del. 2013) (estate property includes all contingent interests and future interests, whether or not transferable by the debtor) (citing H.R. Rep. No. 95-595, at 175-76 (1977)).

Elswick is not binding precedent in this court and, as explained below, I am not prepared to follow its holding. Rather, I conclude that Mr. Hampshire does not have a present property interest in the Inheritance that may be claimed as exempt under 11 U.S.C. §522(b).

As the Debtors themselves point out, 20 Pa.C.S. §2105 is analogous to provisions of the Pennsylvania Divorce Code, which: (a) provide that in a divorce case, the court shall equitably divide "marital property;" and (b) define marital property as including property acquired by either party during the marriage. 23 Pa.C.S. §§3501, 3502. Thus, in both probate and divorce proceedings, it is possible for a spouse to assert a statutorily created property interest in the other spouse's solely owned property. Under both statutes, this statutory right is contingent upon a future event – the death of the spouse under the PBEFC or the filing of a divorce complaint under the Divorce Code. Given these similarities, there is no reason to treat the two (2) types of contingent, statutory interests differently. The relevant question for present purposes is what property rights, if any, does the spouse have before the contingencies occur?

In the Divorce Code context, numerous cases in this Circuit have held that a spouse's equitable distribution rights in property solely owned by the other spouse do not vest and are not cognizable as property interests until a divorce complaint has been filed. E.g., In re Hadad, 2008 WL 2156354, at *7 (Bankr. E.D. Pa. May 21, 2008) (collecting cases); In re DelCorso, 382 B.R. 240, 256-57 (Bankr. E.D. Pa. 2007). I acknowledge that neither Hadad, DelCorso, nor any of the cases from this Circuit or the Pennsylvania courts cited in those decisions, involved 11 U.S.C.

§541(a) or a claim of exemption rights based on a contingent property interest in marital property under the Divorce Code asserted prior to the filing of a divorce complaint. However, with the exception of Elswick, my research reveals that every bankruptcy court in other jurisdictions that has considered the question has held that, prior to the vesting of a spouse's equitable distribution rights,[2] a debtor has no present property interest in his or her spouse's separate property for purposes of claiming an exemption pursuant to 11 U.S.C. §522(b). See In re Horstman, 276 B.R. 80, 83 (Bankr. E.D.N.C. 2002) ("Claims for equitable distribution of property are made in a specific, statutory context that cannot appropriately provide a basis on which to consider the application of standard bankruptcy exemptions."); see also In re James, 496 B.R. 590, 593 (Bankr. W.D. Ark. 2013); In re Evans, 2009 WL 3259427, at *2 n.1 (Bankr. M.D.N.C. Oct. 8, 2009); In re Britt, 368 B.R. 471, 474 (Bankr. E.D.N.C. 2007); In re Czerneski, 330 B.R. 240, 243-45 (Bankr. E.D. Wis. 2005). Cf. In re Dzielak, 435 B.R. 538, 547-48 (Bankr. N.D. Ill. 2010) (contingent interest in husband's pension plan could be exempted because equitable distribution rights had vested under Illinois law by filing of divorce complaint prior to commencement of the bankruptcy case).

Another reported decision, In re Demolas, 2008 WL 5429672, at *2 (Bankr. E.D. Wis. Dec. 30, 2008), is even more on point. Demolas involved a claim of exemption asserted by a husband-debtor in the wife-debtor's separate inheritance property acquired during the marriage. The husband-debtor based his claim on statutory inheritance rights, but the court held that he had

---

[2] In Pennsylvania, a spouse's equitable distribution rights in specific property do not vest until a divorce complaint is filed and equitable distribution is requested. See In re Wilson, 85 B.R. 722, 726 (Bankr. E.D. Pa. 1988). That rule is not universal. In New York, for example, equitable distribution rights do not vest until the entry of the divorce judgment. See, e.g., In re Bellafiore, 492 B.R. 109, 116 (Bankr. E.D.N.Y. 2013).

no property interest to be exempted in the wife-debtor's inherited funds.

Thus, a substantial number of courts have rejected the argument that one (1) debtor spouse has an exemptible property interest in the separate property of the other debtor spouse based on equitable distribution rights that could be asserted in unfiled divorce proceedings, or statutory inheritance rights that arise in probate proceedings only after the other spouse's death. Elswick appears to be only contrary reported decision.

The majority line of cases appears to be premised on the view that under applicable nonbankruptcy law, a spouse has no present property interest in the separate property of the other spouse unless and until the contingency occurs. The majority view also may be based on an implicit premise that a contingent interest in another person's property may be so remote and the property interest so negligible that bankruptcy law will not recognize its existence, despite the broad reach of 11 U.S.C. §541.[3] However, any argument that the scintilla of a property interest (based on the contingent statutory equitable distribution and inheritance rights) that a spouse may have is sufficient to warrant the application of the bankruptcy exemptions is belied by 11 U.S.C. §541(a)(5)(A) and (B). This Code provision defines property of the estate as including property acquired within 180 days after the filing of the petition by "bequest, devise, or inheritance" or resulting from a marital "property settlement" or "divorce decree." Thus, Congress has

---

[3] The mind almost boggles at the practical implications of a contrary rule. In every case in which a married debtor individually files bankruptcy, the debtor would have to disclose the existence of all the separate property of the nondebtor spouse. Further, as the Elswick court itself pointed out, this (frequently) remote, contingent property interest would have to be valued, initially by the debtor (in his or schedules) and subsequently, by the trustee. This is not necessarily an easy task, see In re Basher, 291 B.R. 357, 362-64 (Bankr. E.D. Pa. 2003), and would add a substantial degree of complexity to the asset disclosure and exemption process. Because so many personal bankruptcy cases are no-asset cases or involve very small estates, it is hard to imagine that Congress intended to require such complexity in the relatively straightforward asset disclosure and exemption process.

specifically addressed contingent equitable distribution and inheritance rights and has provided that only in one (1) specified circumstance (i.e., if they ripen into an existing property right through the occurrence of the contingency within 180 days after the filing of the bankruptcy petition) do such interests become part of the bankruptcy estate, <u>subject to being administered by the trustee and exempted by the debtor</u>,.  By negative implication, these arguably contingent inheritance or equitable distribution property rights are not encompassed within §541(a)(5) and fall outside of the bankruptcy estate/exemption process entirely unless the contingency occurs within 180 days of the filing of the bankruptcy petition.

**B.**

Finally, I find unpersuasive the Debtors' argument that Mr. Hampshire holds an "inchoate" interest in the Inheritance.  As stated above, the "property interest" simply does not exist for purposes of 11 U.S.C. §541(a) and §522(b).

The case cited by the Debtors, <u>In re Hope</u>, 77 B.R. 470 (Bankr. E.D. Pa. 1987), is not on point.  In <u>Hope</u>, the property at issue was owned as tenants by the entireties; it was not separately owned by one (1) spouse subject to the potential, contingent equitable distribution or inheritance rights of the other spouse.  Thus, unlike this case, the debtor in <u>Hope</u> had a cognizable property interest as a tenant by the entireties which could be exempted.  That property interest included the a right of survivorship.  In <u>Hope</u>, it was not the debtor's exemptible property right that was inchoate.  What was "inchoate" was the creditor's lien, which did not presently exist under applicable nonbankruptcy law, but which could ripen from inchoate status to an actual lien in the event that the non-debtor spouse predeceased the debtor.  <u>Hope</u> held only that such an inchoate lien on the debtor's survivorship property interest could be avoided pursuant to 11 U.S.C.

§522(f). It in no way suggested that one spouse holds an inchoate property interest in the solely owned property of the other spouse.

## IV.

For the reasons set forth above, the Trustee's Objection to the Debtor's Exemptions will be sustained. An appropriate order will be entered.

**Date: February 27, 2014**

**ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE**